UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 98-4450

MICHAEL L. MOORE, a/k/a Gadget,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CR-97-362-A)

Submitted: April 13, 1999

Decided: April 30, 1999

Before MURNAGHAN and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gregory B. English, ENGLISH & SMITH, Alexandria, Virginia, for
Appellant. Thomas M. Hollenhorst, Assistant United States Attorney,
Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael L. Moore was sentenced to 360 months imprisonment after he was convicted of conspiracy to possess cocaine with intent to distribute, see 21 U.S.C. § 846 (1994) (Count One), and two counts of aiding and abetting the distribution of cocaine, see 21 U.S.C. § 841(a) (1994) (Counts Three and Four). He appeals his sentence, challenging the two-level enhancement he received because firearms were possessed during the offense. See U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1997). Moore has also moved for leave to file a pro se supplemental brief in which he argues that venue was improper in the Eastern District of Virginia and that the admission of evidence concerning drugs and firearms seized from his co-conspirators violated Rules 404(b) and 403 of the Federal Rules of Evidence. We grant leave to file the supplemental brief and affirm the conviction and sentence.

Moore ran a business in New Jersey which installed sound systems in automobiles. He also installed hidden compartments in cars for a clientele of drug dealers, several of whom operated in Virginia and North Carolina. The compartments were used to transport cocaine, firearms, and money. In addition, Moore kept a firearm in his office, and once removed cocaine and a firearm from a customer's hidden compartment which had jammed when too much cocaine was placed in it. The two substantive charges involved cocaine purchases in the Eastern District of Virginia by one of Moore's customers in January 1997. On both occasions, the cocaine was placed in a compartment Moore had installed. We find no error in the district court's application of the enhancement provided in § 2D1.1(b)(1). Having examined the issues raised in Moore's supplemental brief, we find them to be without merit.

The conviction and sentence are therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2